UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
COREY WRIGHT,

                        Plaintiff,

           - against -

AREA SUPERVISOR GARFIELD ZEITLER, SENIOR
PAROLE OFFICER PETER SKINNER, and PAROLE
OFFICER GABEL OF THE INTERSTATE BUREAU,

                        Defendants.
------------------------------------------------------------x

14 Civ. 9103 (PAC)

**OPINION AND ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiff Corey Wright was arrested in Virginia for violating the terms of his supervised release and remanded to the custody of the New York Department of Corrections and Community Supervision (DOCCS). The Bronx County Supreme Court later granted Wright's application for a writ of habeas corpus, vacated the warrant, and returned Wright to supervised release. Now Wright seeks damages under 42 U.S.C. §§ 1983 and 1985 against Area Supervisor Garfield Zeitler, Senior Parole Officer Peter Skinner, and Parole Officer Gabel for false arrest, false imprisonment, malicious prosecution, and conspiracy. Defendants move to dismiss the complaint. The Court grants their motion.

I. **Background**

On October 18, 2007, Wright was conditionally released to parole supervision in Richmond, Virginia. (Dkt. 1, ¶¶ 7–8.) At the time, Wright was serving an indeterminate sentence of 5–10 years consecutively with an indeterminate sentence of 5–15 years for an earlier guilty plea. (Dkt. 20, Exh. B, G.) At the time of his conditional release, the maximum expiration of his Wright's sentence was April 4, 2014. (*Id.*)

In January 2013, Virginia parole authorities sent DOCCS a report that cited Wright for three parole violations. (*Id.* at ¶ 9.) Upon reviewing the report, defendants issued a parole revocation

1

warrant, and Wright was arrested and incarcerated in Virginia for 19 days. (*Id.* at ¶¶ 10–11.) Virginia Department of Corrections held a preliminary violation hearing at which the hearing officer found probable cause as to one of the three charges leveled in the violation report, namely that Wright failed to appear for a scheduled meeting with his parole officer on December 3, 2012. (*Id.* at ¶¶ 12–14.) Wright admitted that "he was aware of the appointment" but explained that he "had issues with his car and his phone had been cut off and he needed to work." (*Id.* at ¶ 14.) He also stated he "had a family situation going on." (*Id.* at ¶ 14.) The hearing officer referred the matter to DOCCS and recommended that Wright be restored to parole supervision. (*Id.* at ¶ 12.)

DOCCS then took custody of Wright and detained him at the Rikers Island Judicial Center until his final violation hearing. (*Id.* at ¶ 15.) At the hearing, Wright objected to the charges because they were "virtually identical to the charges decided at the [preliminary] hearing in Virginia." (*Id.* at ¶ 16.) The ALJ refused to vacate the warrant and adjourned the hearing. (*Id.*) Before the hearing was reconvened, Wright applied for a writ of habeas corpus in the New York Supreme Court in Bronx County. (*Id.* at ¶ 17.) The supreme court granted Wright's application, vacated the warrant, and returned Wright to supervised release. (*Id.* at ¶ 18.)

Wright alleges that, because defendants issued the initial warrant, he was wrongfully detained and incarcerated in Virginia and New York for nearly four months. (*Id.* at ¶ 19.) He seeks damages under 42 U.S.C. §§ 1983 and 1985. Defendants move to dismiss. (Dkt. 11.)

## II. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In deciding a motion to dismiss, a court will consider "the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case,"

which may include violation reports, warrants, arrest reports, court filings, and judgments. *Roberts v. Babkiewicz*, 585 F.3d 418, 419 (2d Cir. 2009).

**III.  Analysis**

    **a.  Defendants had probable cause to issue the warrant, which is a complete defense to Wright's claims of false arrest, false imprisonment, and malicious prosecution.**

Probable cause is a complete defense to claims of false arrest, false imprisonment, and malicious prosecution. *See Betts v. Shearman*, 751 F.3d 78, 82 (2d Cir. 2014); *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003). The defense "turns only on whether probable cause existed to arrest [the] defendant . . . . [I]t is not relevant whether probable cause existed with respect to each individual charge, or, indeed, any charge actually invoked by the arresting officer at the time of arrest." *Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir. 2006).

The violation report sent to DOCCS by the Virginia parole authorities included a charge that he failed to report to his parole officer as scheduled. (Dkt. 1, ¶¶ 9, 14.) Wright admitted to the Virginia hearing officer that he had failed to report. (*Id.* at ¶ 14; Dkt. 16, Exh. C.) And the hearing officer found that probable cause existed as to that charge. (Dkt. 1, ¶ 14; Dkt. 16, Exh. C.) Defendants were entitled to rely on the violation report determining whether to issue a parole-violation warrant, and they were entitled to rely on the hearing officer's finding of probable cause when determining whether to extradite Wright to New York for a final violation hearing. *See Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir. 2000). Moreover, by admitting he failed to report in his complaint, Wright effectively admits that there was probable cause to issue the warrant. *See Smith v. Duquesnay*, 2012 WL 1116450, at *2 ("Plaintiff admits . . . that he failed to report to his parole officer . . . . [P]laintiff effectively concedes that probable cause existed for his . . . arrest. Regardless of the explanation, plaintiff's admission of delinquency is fatal to his complaint.").

3

In opposition, Wright argues that defendants lacked authority to issue a warrant because Wright's parole supervision was invalid following the New York Court of Appeals' decisions in *Matter of Garner v. NYS Dept. of Corrections*, 10 N.Y.3d 358 (2008), and *People v. Sparber*, 10 N.Y.3d 457 (2008). Those cases held that the nonjudicial imposition of supervised release is unconstitutional where a prisoner has served the entirety of his determinate sentence. Wright, however, was sentenced to an indeterminate term, and the term of his statutorily imposed supervised release was limited to the "unserved portion of [his] maximum [sentence]," which he was still serving in 2012 and 2013. N.Y. Penal Law § 70.40. As such, *Garner* and *Sparber* are inapposite. *Cf. Monroe v. Rabsatt*, 2014 N.Y. Misc. LEXIS 582, *7–8 (N.Y. Sup. Ct. Jan. 27, 2014); *People v. N.Y. State Dep't of Correctional Servs.*, 2012 N.Y. Misc. LEXIS 2343, *6–7 (N.Y. Sup. Ct. May 16, 2012).

    **b.    Wright's conspiracy claim is barred by the intracorporate-conspiracy doctrine.**

The intracorporate-conspiracy doctrine holds that employees of the same corporation are incapable of conspiring with one another as a matter of law. *See Girard v. 94th St. & Fifth Ave. Corp.*, 530 F.2d 66, 70–72 (2d Cir. 1976). The Second Circuit has recently extended the doctrine to cover conspiracy claims against government officers within the same agency—indeed, in the context of parole officers. *See Victory v. Pataki*, 609 F. App'x 680, 689 (2d Cir. 2015) ("[T]he intracorporate conspiracy doctrine bars Victory's conspiracy claims arising out of the zealous supervision performed by his parole officers."). Defendants are all parole officers employed by DOCCS. (Dkt. 1, ¶¶ 4–6.) Wright's conspiracy claim is thus barred by the intracorporate-conspiracy doctrine.

4

## IV.  Conclusion

The Court GRANTS defendants' motion to dismiss with prejudice in its entirety. The Clerk is directed to terminate the motion at Docket No. 11 and to terminate the action.

Dated: New York, New York
December 9, 2015

SO ORDERED

PAUL A. CROTTY
United States District Judge